**AMENDED CLD-172**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1106
_____

THERMUTHIS LEE,
                        Appellant

v.

4326 BROAD STREET LP; FRANCISCO MARTINEZ; JOHNSON MARTINEZ;
MARIA MARTINEZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-05757)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2017
Before:  SHWARTZ, GREENBERG, and FISHER, Circuit Judges

(Opinion filed: April 7, 2017)

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Thermuthis Lee appeals, pro se and in forma pauperis, the District Court's orders dismissing her complaint for failure to state a claim and denying all other outstanding motions. We will summarily affirm because no substantial question is presented.

Lee filed her original complaint in the Court of Common Pleas of Philadelphia. The complaint named Francisco Martinez, Johnson Martinez, Maria Martinez, and 4326 Broad Street LP as defendants. Lee alleged violations of state and federal criminal statutes, and, in a supplemental complaint, one claim under 42 U.S.C. § 1983 for deprivation of her constitutional rights. The complaint appears to be based on a nuisance issue that Lee's family experienced while tenants in Pennsylvania Housing Authority housing. Based on the § 1983 claim, the case was removed to the United States District Court for the Eastern District of Pennsylvania.

Once in the Eastern District, Lee moved to join the case with a related case currently on appeal (C.A. No. 11-1059), to join additional defendants, and to compel discovery. Defendant 4326 Broad Street LP moved to dismiss. The District Court denied the motion to compel discovery as untimely, granted the motion to dismiss, and denied Lee's motion to join additional defendants as moot. Lee timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's grant of a motion to dismiss for failure to state a claim. Foglia v. Renal Ventures

2

Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We must construe the complaint in the light most favorable to the nonmoving party, and accept as true all factual allegations and reasonable inferences that can be drawn therefrom. Id. Dismissal is appropriate when the allegations in the complaint do not state a claim for relief that is plausible on its face. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Lee fails to state a facially-plausible claim for relief against any defendant, so the motion to dismiss for failure to state a claim was properly granted.[1] Section 1983 is a method for vindicating federal rights violated by persons acting under the color of state authority. See 42 U.S.C. § 1983; Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). A private party may be liable under § 1983 only if there is a "'sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself.'" Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

Here, none of the defendants is a state actor. The § 1983 claim is devoid of any factual allegations linking the private parties to a state actor's improper actions, so no

---

[1] We have considered the record below in its entirety, and Lee's submissions to this Court, in reaching our decision. To the extent Lee's submissions direct us to any issues outside the record before the District Court, we will not consider them on appeal. See Melvin v. Nickolopoulos, 864 F.2d 301, 305 (3d Cir. 1988). Accordingly, Lee's Motion for Leave to Supplement the Original Record is denied. See id.

3

plausible "nexus" between the defendants and a state actor has been shown.[2] See id. Thus, the complaint fails to state a plausible claim for relief under § 1983. See id.; Connelly, 706 F.3d at 212.

The remainder of Lee's federal claims invoke criminal statutes for which no private right of action exists. Thus, they do not state plausible claims for relief. Because no plausible federal claims exist, dismissal of Lee's state law claims was within the District Court's discretion. See 28 U.S.C. § 1367(c)(3).

The District Court also properly denied Lee's remaining motions. We review a district court's rulings regarding discovery for abuse of discretion, Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 778 (3d Cir. 2000), and we will not interfere with such orders "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (internal quotations omitted).

Here, the District Court was well within its discretion to deny Lee's motion to compel discovery and interrogatories as untimely. See Fed. R. Civ. P. 26(d)(1). And, Lee has made no showing that failure to join the additional defendants resulted in actual

---

[2] The claim states in its entirety: "Defendants feloniously use physical force or the immediate threat of such force against the plaintiffs' with intent to inflict distress and aggravate health of plaintiff. One or more defendants did then and there meet with each other and themselves, each of them with the other, willfully, unlawfully, and maliciously conspired and agreed to commit a crime to wit: criminal mischief by course of conduct and in the furtherance of said conspiracy, defendants did commit acts being incorporated and set forth did commit in counts (ALL DEFENDANTS)."

and substantial prejudice.  See In re Fine Paper Antitrust Litig., 685 F.2d at 817.  Thus, the remaining motions were properly denied.

Because no substantial question is raised on appeal, we will summarily affirm the District Court's judgment.